EAST BATON ROUGE PARISH
C-718224
Filed Apr 25, 2022 12:23 PM
Deputy Clerk of Court
E-File Received Apr 25, 2022 12:28 PM

Case 3:22-cv-00334-SDD-SDJ    Document 1-1    05/24/22    Page 1 of 5

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.    718224  DIV 32                    DIVISION " "

CRYSTAL SHANTEL GIRLINGHOUSE

VERSUS

EMPLOYERS MUTUAL CASUALTY COMPANY, BREYONE WHITEHEAD, AND
DJR ASSOCIATES, LLC dba CHEMSTATION OF ALABAMA

FILED: _____    _____
                                                    DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, CRYSTAL

SHANTEL GIRLINGHOUSE ("GIRLINGHOUSE"), an individual of the full age of

majority, domiciled in the Parish of Livingston, State of Louisiana, who respectfully avers that

she is entitled to all damages as are reasonable and who respectfully represents:

1.

Made defendants herein are:

- **EMPLOYERS MUTUAL CASUALTY COMPANY ("EMPLOYERS MUTUAL"),** the liability auto insurance carrier of Breyone Whitehead and DJR Associates, LLC d/b/a Chemstation of Alabama, who upon information and belief, is a foreign insurer authorized to do and doing business in the State of Louisiana;

- **BREYONE WHITEHEAD ("WHITEHEAD"),** who upon information and belief, is a person of the full age of majority, domiciled in the County of Pearl River, State of Mississippi; and

- **DJR ASSOCIATES, LLC dba CHEMSTATION OF ALABAMA ("CHEMSTATION"),** who upon information and belief, is a foreign limited liability company, authorized to do and doing business in the State of Louisiana.



These Defendants are justly and truly indebted to Plaintiff Girlinghouse in an amount sufficient to satisfy the jurisdictional requirements of this Court, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all other reasonable general and equitable relief allowable under the law for reasons that follow.

2.

On May 26, 2021, Plaintiff Girlinghouse was traveling eastbound in the left lane of West Morris Street in the Parish of Tangipahoa, Louisiana, driving a 2013 Nissan Altima.

3.

Plaintiff Girlinghouse, who owned the 2013 Nissan Altima, was covered by automobile liability insurance in compliance with Louisiana Law at all times relevant to these proceedings.

4.

At the same time, Defendant Whitehead, who was in the course and scope of his employment with Defendant Chemstation, was traveling eastbound in the right lane of West Morris Street in the Parish of Tangipahoa, Louisiana, driving a 2021 Freightliner Tractor that was owned by his employer, Defendant Chemstation.

5.

At the aforementioned time and place, suddenly and without warning or justification, the large commercial truck driven by Defendant Whitehead failed to yield and changed from the right lane into the left lane thereby causing a violent collision between the left front of the 2021 Freightliner Tractor and the right side of the 2013 Nissan Altima.

6.

At all times relevant to these proceedings, Plaintiff Girlinghouse exercised all due care, caution, and safety, and obeyed all traffic laws and safety regulations.

7.

Conversely, Defendant Whitehead operated his vehicle in a careless, reckless, and/or negligent manner, in violation of traffic laws and motor vehicle safety standards, and caused the collision and damages described herein

8.

At all times relevant to these proceedings Defendant Employers Mutual issued to Defendant Chemstation a policy of automobile liability insurance, which policy covered Defendant Whitehead and the 2021 Freightliner Tractor he was driving, for all damages sustained by Plaintiff Girlinghouse described herein.

9.

As a result of the aforementioned collision, which was caused entirely by Defendant Whitehead's carelessness, recklessness and/or negligence, Plaintiff Girlinghouse sustained severe personal injuries to her head, brain, neck, shoulders, back, legs, and other anatomy, which has caused her physical, mental, and emotional pain and suffering.

10.

The collision and resulting damages to Plaintiff Girlinghouse were caused by the carelessness, recklessness, and/or negligence of Defendant Whitehead in the following non-exclusive particulars:

a)   Reckless and/or careless driving;

b)   Intentionally operating his motor vehicle in an unsafe manner;

c)   Failing to maintain a proper lookout;

d)   Failing to see what he could and should have seen;

e)   Failing to maintain control of his vehicle;

f)   Traveling at an excessive rate of speed under the circumstances;

g)   Failing to yield to the vehicle traveling in the lane next to his lane;

h)   Improperly changing lanes;

i)   Failing to take proper safety precautions under the circumstances;

j)   Failing to comply with prevailing motor vehicle safety standards; and

k)   Any and all other acts of negligence or other fault to be proven at trial.

11.

At all times relevant, Defendant Whitehead was in the course and scope of his

employment with Defendant Chemstation and was driving the 2021 Freightliner Tractor with the permission of his employer, therefore Defendant Chemstation is vicariously liable for the negligent acts of Defendant Whitehead.

12.

Accordingly, all Defendants are responsible jointly and severally, in solido, to Plaintiff Girlinghouse for damages in the following specific, but non-exclusive particulars:

a) Medical and related expenses (past and future);

b) Physical pain and suffering (past and future);

c) Impairment and/or disability (past and future);

d) Mental and emotional distress (past and future);

e) Loss of enjoyment of life (past and future);

f) Loss of wages (past and future);

g) Loss of earning capacity (past and future);

h) Property damages, towing expenses, storage expenses, rental expenses;

i) Diminished value of vehicle;

j) Out of pocket expenses (past and future); and

k) Any other items to be proven at trial.

13.

Pursuant to Louisiana Code of Civil Procedure Article 42, et seq., venue is proper because Defendant Employers Mutual is a foreign insurer.

14.

Plaintiff requests that the Clerk of Court provide written notice to her as required by La. C.C.P. art. 1572.

**WHEREFORE**, Plaintiff, Crystal Shantel Girlinghouse, prays that the Defendants, Employers Mutual Casualty Company, Breyone Whitehead, and DJR Associates, LLC, d/b/a Chemstation of Alabama, be served and duly cited to appear and answer this Petition for Damages, all as provided by law; and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the Plaintiff and against the Defendants, jointly and severally, in solido, for all damages described herein and/or proved at trial of this

matter, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief which may be appropriate under the circumstances.

Respectfully submitted:

*Leon A. Crist*

_____
**PARKER LAYRISSON LAW FIRM**
J. Parker Layrisson (Bar No. 28120)
Leon A. Crist  (Bar No. 04609)
P.O. Box 1860
200 E. Hickory Street
Ponchatoula, LA 70454
Telephone: 985-467-9525
Facsimile:  985-247-8214
Email: file@layrisson.com

**PLEASE SERVE:**
**PETITION FOR DAMAGES AND FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, TO:**

**EMPLOYERS MUTUAL CASUALTY COMPANY**
*Through their registered agent for service of process*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**BREYONE WHITEHEAD**
*Through the Long Arm Statute*
414 Dozier Street
Picayune, MS 39466

**DJR ASSOCIATES, LLC d/b/a CHEMSTATION OF ALABAMA**
*Through their registered agent for service of process*
James Nezat
44567 Airport Road
Hammond, LA 70403